BEACON JOURNAL PUBLISHING COMPANY ET AL., APPELLANTS, *v.*
CITY OF STOW ET AL., APPELLEES.

[Cite as Beacon Journal Pub. Co. *v.* Stow (1986), 25 Ohio St. 3d 347.]

(No. 85-1510—Decided August 13, 1986.)

*Roetzel & Andress, Norman S. Carr* and *Ronald S. Kopp,* for appellants.

*L. James Martin,* for appellees city of Stow and C. Paul Hutchison.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey J. Jurca,* for appellee Attorney General.

*Per Curiam.* The dispositive issue before us is whether the trial court abused its discretion in not finding that separate refusals by the city to produce the tentative agreements constituted more than one violation of R.C. 149.43.

R.C. 149.43, at the time relevant herein, provided in pertinent part:

"(B) All public records shall be promptly prepared and made available to any member of the general public at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. * * *"

R.C. 149.99 stated in part:

"Whoever violates section * * * 149.43 * * * of the Revised Code shall forfeit not more than five hundred dollars for each offense to the state. * * *"

Appellants argue that multiple violations of R.C. 149.43 should be found where the offenses are alleged to have constituted more than one transaction. It is appellants' contention that public policy demands that more than one fine be imposed here, since the appellee-city has repeatedly refused them access to the public records at all relevant times during and preceding the instant litigation. In support of their argument, appellants rely on 1979 Ohio Atty. Gen. Ops. No. 79-023, at 2-80, which allegedly defines, albeit in the context of another statute, when multiple offenses constitute a single or multiple transaction under R.C. 149.99.

The appellees, city of Stow and its mayor, argue that appellants lack standing to appeal the lower court orders because the plain language of R.C. 149.99 indicates that it is the state, through the Attorney General, that has the right to appeal the imposition of any forfeiture. Appellees submit that the instant appeal seeks a private remedy that is not sanctioned in R.C. 149.99. Appellees further contend that the trial court's disposition was well within the limits of its discretion, and that the instant appeal is moot since the lower courts found one offense committed under the statutes in issue. Finally, although the appellees did not appeal the issue before this court, they maintain that no violation of R.C. 149.43 occurred since no public records were involved in this cause.

The appellee Ohio Attorney General contends that appellants' reliance on Ohio Atty. Gen. Ops. No. 79-023 is misplaced, since such opinion did not consider violations occurring with respect to R.C. 149.43. The Attorney General also notes that although there was no specific finding by the lower courts as to the number of offenses which occurred, the trial court did grant the Attorney General's summary judgment motion wherein it was alleged that only one offense had taken place.

During the course of the instant litigation, much of the state law concerning public records and the fines set forth for violations of non-

disclosure have been dramatically altered. In addition, the city of Stow has enacted an ordinance asserting its "home rule" powers with respect to public records. Nevertheless, neither of these events has any impact or is before us in the cause *sub judice.*

Turning to the issue before us, *i.e.,* whether the trial court abused its discretion in not finding more than one violation of R.C. 149.43, we cannot agree with appellants that the trial court's holding amounts to an abuse of its discretion. As this court has often stated:

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 [16 O.O.3d 169]. See, also, *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O. 148]; *Conner* v. *Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480]; *Chester Twp.* v. *Geauga Cty. Budget Comm.* (1976), 48 Ohio St. 2d 372 [2 O.O.3d 484]; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219; *Joseph J. Freed & Assoc., Inc.* v. *Cassinelli Apparel Corp.* (1986), 23 Ohio St. 3d 94, 97.

Given this precise definition in light of the holding rendered by the trial court, we do not believe that its judgment was "unreasonable, arbitrary or unconscionable."

In reviewing the arguments proffered by both sides, we believe that while the trial court did not specify the number of R.C. 149.43 violations that were found to have been committed by the city, it is readily apparent that the trial court found a single violation, and ordered the city to forfeit $100 to the state. In our view, given the particular facts of the case at bar, we believe that it can be reasonably concluded that the appellants made one request for the public records in issue, and any subsequent demands for said records were merely renewals of the original request. Any doubts as to whether the trial court found more than one violation of R.C. 149.43 are resolved upon a careful review of the record where we find that the Attorney General's motion for summary judgment claiming one violation of the statute was sustained by the trier of fact.

All other points raised by the parties in this cause need not be discussed, given our disposition on this pivotal issue.

Accordingly, given the state of the record before us, we hold that the trial court's judgment was not unreasonable, arbitrary or unconscionable, and we therefore affirm the decision of the court of appeals upholding that disposition.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, J., concurs separately.

DOUGLAS and WRIGHT, JJ., dissent.

HOLMES, J., concurring. While I agree with the majority's conclusion that we are here concerned with only one violation of R.C. 149.43(B), I write separately to emphasize that nothing in today's majority opinion prohibits imposition of multiple penalties when multiple violations have occurred. It simply happens that the facts in the case *sub judice* present only one violation.

Appellants made only one request for the production of the agreements at issue (which was refused by letter dated July 31, 1984) before they filed their complaint on August 2, 1984. This is the one request which has now been held to have been unlawfully refused. Further demands for and refusals of production of such documents, made during the course of litigating the issue of whether the city's unconfirmed labor agreements actually are public records, do not qualify as further violations. To hold otherwise would unjustly penalize the record-holder for exercising its legitimate right to challenge the alleged "public record" status of its papers.

It follows that further refusals to produce the particular documents after the proper judicial authorities have found such to be public records would ordinarily constitute further violations. However, here the record indicates that no further demands for production of the labor agreements were made from January 30, 1985 (the date of the trial court's decision that the unconfirmed but executed labor agreements qualify as public records) until after the effective date of Ordinance No. 1985-65 of the city of Stow. That ordinance provides, in pertinent part:

"* * * [A]ll contracts negotiated or in the process of negotiation, prior to their consideration by Council and executed [*sic*] by the Mayor, in accordance with Stow City Charter, are deemed to be confidential records not subject to disclosure.

"* * *

"* * * [T]his ordinance is expressly intended to conflict with and override any and all Sections of the Ohio Revised Code which provide public access to documents, drafts, memos, recordings or other evidence of privileged, confidential, or non-public data relating to contractual negotiations prior to their approval as required by the Charter of the City of Stow."

The city of Stow asserts that this ordinance justifies its continuing failure and refusal to make public the agreements at issue. Since this ordinance was enacted subsequent to the filing of the final order in the trial court, the issue of the validity of any refusals based on it was not, and could not have been, ruled on by the courts below. Thus, that issue cannot be considered by and is not presently before this court. It is for these reasons that I concur in the majority opinion and its finding of only one violation of R.C. 149.43(B).

WRIGHT, J., dissenting. I must respectfully dissent from the majority holding. The fact is that repeated demands were made by appellants for a

public record to which they were entitled access as a matter of law. Each of these separate demands was refused in violation of R.C. 149.43(B). These violations occurred over a period of months, not hours or days. The trial court made a finding that a single violation had occurred and punished it as such. In the course of its opinion the majority concedes that multiple violations occurred terming them mere "renewals" of previous demands. It is my judgment that each demand and refusal constituted a separate violation and thus multiple penalties were appropriate. Since the majority determines otherwise, I dissent.

DOUGLAS, J., concurs in the foregoing dissenting opinion.