## Horst
### v.
## First National Bank in Massillon
*[Cite as 4 AOA 146]*

*Case No. CA-8057*
*Stark County, (5th)*
*Decided June 26, 1990*

*Ralph Lehman, Logee, Hostetler & Stutzman, P.O. Box 207, Kidron, Ohio 44636, for Plaintiff-Appellee.*

*Lemuel R. Green, 418 AmeriTrust Bldg., Canton, Ohio 44702.*

*Edgar M. Moore, Jr., 300 United Bank Plaza, 220 Market Avenue South, Canton, Ohio 44702, for Defendants-Appellants.*

MILLIGAN, P.J.

On March 10, 1989, Samuel Horst, an 87 year old childless widower with a substantial estate, executed a pour-over will and a separate trust, favoring a Catholic charity (one-half) and dividing the balance among twelve adult nieces and nephews of whom six received substantially more than the balance.

On that date, will was filed with the Stark County Probate Court, R.C. 2107.07, .08. Contemporaneously, a petition for judgment declaring the will to be valid was filed.

(A) A person who executes a will allegedly in conformity with the laws of this state may petition the probate court..for a judgment declaring the validity of the will.

The petition may be filed in the form determined by the probate court of the county in which it is filed.

R.C. 2107.081(A).

The necessary parties, including the appellants, were served with process and a copy of the testator's will, as required by the probate court. R.C. 2107.082.

A hearing was held on May 31, 1989, at which the petitioner-testator and others testified. None of those persons served with notice of the hearing, including appellants, appeared at the hearing.

On June 1, 1989, the court, *inter alia,* found:

"3. Plaintiff's [Samuel Horst] last will and testament is properly executed pursuant to R.C. 2107.03 or the applicable Ohio law in effect at the time execution; and

"4. At the time of execution, plaintiff was of the requisite testamentary capacity and freedom from undue influence pursuant to R.C. 2107.02 and 2107.084."

The court found the last will and testament valid and ordered it sealed pursuant to R.C. 2107.084(B).

On June 26, 1989, testator died, and his will was admitted to probate on July 31, 1989.

On October 12, 1989, four of the heirs filed a motion to vacate and set aside the June 1, 1989 judgment.

On December 1, 1989, the Stark County Probate Court overruled the motion for relief from judgment. The movants appeal, assigning four errors:

"I. WHERE THE TESTATOR DURING HIS LIFETIME IN A HEARING CONDUCTED PURSUANT TO OHIO REVISED CODE SECTION 2107.81 REVEALS THAT HE IS SUBSTANTIALLY DELUDED OR MISINFORMED REGARDING THE EXTENT OF HIS ESTATE; AND OTHERWISE REVEALS HIS INCOMPETENCY TO EXECUTE A VALID WILL, THE PROBATE COURT FOLLOWING HIS DEATH WAS IN ERROR IN NOT GRANTING THE TESTATOR'S HEIRS' MOTION FOR RELIEF UNDER RULE 60(B) VACATING ITS JUDGMENT DECLARING THE WILL VALID.

"II. AT A HEARING TO DECLARE THE VALIDITY OF A WILL PURSUANT TO OHIO REVISED CODE SECTION 2107.081 THERE MUST BE AFFIRMATIVE EVIDENCE OF FREEDOM FROM UNDUE INFLUENCE TO SUPPORT THE COURT'S ORDER DECLARING THE VALIDITY OF THE WILL. THE COURT ERRED IN THIS CASE BY FINDING THE WILL TO BE VALID WITHOUT EVIDENCE OF FREEDOM FROM UNDUE INFLUENCE ON THE PART OF THE TESTATOR.

"III. WHEN AN ACTION IS BROUGHT TO DECLARE THE VALIDITY OF A WILL PURSUANT TO OHIO REVISED CODE SECTION 2107.081 DURING THE LIFETIME OF A TESTATOR, ALL DOCUMENTS DISPOSING OF THE TESTATOR'S ESTATE MUST ACCOMPANY THE DOCUMENTS SERVED UPON THE HEIRS AND NEXT OF KIN.

"IV. WHERE THERE WAS EVIDENCE OF A MERITORIOUS CLAIM THAT THE TESTATOR LACKED TESTAMENTARY CAPACITY. THE COURT IS REQUIRED TO GRANT A RULE 60(B) MOTION, VACATE ITS PREVIOUS JUDGMENT AND PERMIT THE OBJECTING PARTIES TO LITIGATE FULLY THE ISSUE OF THE TESTATOR'S COMPETENCE. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANTS' RULE 60(B) MOTION."

We conclude that the Stark County Probate Court acted neither contrary to law nor by abuse of discretion in overruling the request for relief from judgment. *Beacon Journal Publishing Co. v. Stow* (1986), 25 Ohio St. 3d 347, 496 N.E. 2d 908.

CIV. RULE 60(B) RELIEF FROM ANTE-MORTEM JUDGMENT

Appellee argues that rights established in an ante-mortem proceeding are binding upon the parties and may not be challenged after the death of the testator-petitioner, pursuant to Civ. R. 60(B).

Legislative authorization of ante-mortem probate proceedings has several commendable facets. A testator, who may testify, has the opportunity to personally defend challenges to his testamentary discretion. Obviously that opportunity is lost in death. The proceedings also enhance the quality of relevant corroborating evidence inasmuch as it is necessarily comparatively fresh. Issues of undue influence and captation are early resolved, particularly when the testator is available for testimony.

Since relevant corroborating evidence in testamentary competency litigation concerns only that period of time immediately surrounding a will's execution, the acceleration of its contestation to a point prior to the testator's death can only serve to upgrade its quality and ease its acquisition.

"The Ante-mortem Alternative to Probate Legislation in Ohio," 9 Capital U. L. Rev. 717 (1980).

Finally, it is contemplated that such procedure eliminates spurious challenges by:

"Requir[ing] all challengers to personally confront the testator with their allegations concerning his mental capacity. Even if this distasteful requirement is meant, the spurious challenger must remain to confront a potentially overwhelming burden of proof." *Supra,* 9 Capital U. L. Rev. 721.

Another commentator points out two additional values: insulation of the probate attorney from malpractice, and early identification of drafting problems (such as the rule against perpetuities). 32 Case Western Reserve L. Rev. 825.

Clearly, the legislature intended to extend to an ante-mortem judgment a high level of integrity.

"Any such judgment declaring a will valid is binding in this state as to the validity of the will on all facts found, unless provided otherwise in this section, section 2107.33, or division (B) of section 2107.71 of the Revised Code, and, if the will remains valid, shall give the will full legal

effect as the instrument of disposition of the testator's estate, unless the will has been modified or revoked according to law." R.C. 2107.084(A).

"(E) A declaration of validity of a will, or of a revocation or modification of a will previously determined to be valid, given under division (C) of this section, is not subject to collateral attack, except by a person and in the manner specified in division (B) of section 2107.71 of the Revised Code, but is appealable subject to the terms of Chapter 2721. of the Revised Code." R.C. 2107.084(E).

The direct remedies for an erroneous judgment are either timely appeal or motion for new trial, Civ. R. 59. The function of Civ. R. 60 is to provide a mechanism for a collateral attack upon the final judgment. Notwithstanding the provisions of Civ. R. 60, a collateral attack may be registered against a judgment that is *void*. See *Lincoln Tavern v. Snader* (1956), 165 Ohio St. 61, 133 N.E. 2d 606, 59 O.O. 74.

"A motion to vacate judgment pursuant to Civ. R. 60(B) is a collateral attack upon a judgment. It is an allegation that the judgment is voidable on account of fraud, mistake, excusable neglect or some other reason." *Security Ins. v. Regional Transit Authority* (1982), 4 Ohio App. 3d 24, 446 N.E. 2d 220.

We conclude that a Civ. R. 60(B) proceeding that does not allege that the ante-mortem judgment is void, is prohibited by the specific provisions of R.C. 2107.084(E).[1]

Nothing in the motion for relief from judgment elevates the contest to one challenging the proceedings as *void*.

Upon the procedural posture of this case, we conclude that Civ. R. 60(B) relief is not a viable remedy for a party to an antemortem proceeding following the death of the petitioner-testator.

We conclude, therefore, that the trial court had no subject matter jurisdiction to entertain the motion for relief from judgment, and did not err in denying such relief.

Our rationale is consistent with the denial of Civ. R. 60(B) relief in forcible entry and detainer provisions:

"One situation in which the Civil Rules would be clearly inapplicable is when the proceeding is established by a statute which also sets out specific procedures to be followed ..The Civil Rules would also be inapplicable if their application would frustrate the purpose of the proceeding..Rule 60(B) should not apply to such cases when it disrupts the statutory purpose..."

*Larson v. Umoh* (1988), 33 Ohio App. 3d 14.

Further, we conclude that even if Civ. R. 60(B) relief is available in ante-mortem proceedings, following the death of the petitioner, appellant has failed to demonstrate entitlement pursuant to the tri-partite requirement of *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, 351 N.E. 2d 113.

I

The evidence fails to demonstrate a meritorious claim for relief.

Testimony at the ante-mortem hearing of the petitioner that he had "around $34,000" when in fact there was over $850,000 is unpersuasive of issues of delusion, misinformation, or testamentary competence. To the leading question, "it was more like six or seven hundred thousand dollars. Does that sound right to you, or what is your response to that," the decedent answered, "I would say that would be correct," and then proceeded to the qualify his answer again.

Nor does his testimony, mistaken, that Carl Bradford (a Wayne County lawyer) is a nephew demonstrative of what would be needed to demonstrate lack of testamentary capacity.

Also in explaining his disparate division among nieces and nephews, his answers that "others are closer home and they are helpful" which is, in some respects, inconsistent with geography, does not avail on the issue of testamentary capacity.

Finally, the "mistake" contemplated by Civ. R. 60(B)(1) is not a mistake by a witness in a previous hearing. Rather, what is contemplated here is a mistake of process by one who is prejudiced by the prior outcome. Accord, Fed. R. Civ. P. 60(b).

The first assignment of error is overruled.

II

There is no demonstration that the trial court failed, in his examination of the petitioner and in his assessment of the evidence to consider whether the testator was free of undue influence. A fundamental purpose of the ante-mortem procedure is, on the one hand, to procure a judicial determination of testamentary capacity and freedom from undue influence, by allowing interrogation of the testator (a luxury never enjoyed in a will contest), and, on the other hand, to allow an opportunity to those who would be prejudiced by the testimonial dispositions to appear and confront the issue.

The second assignment of error is overruled.

.

### III

Appellant claims favor of Civ. R. 10(D), providing than when a claim is founded on a "written instrument," a copy thereof must be attached to the pleading, or its omission explained.

Appellant claims that the failure to attach the *inter vivos* trust, which was the heart and soul of the estate plan, was an error fatal to the validity of the judgment.

We find no legal error in the failure to serve the copy of the trust, and find that the service of the copy of the will was substantial compliance with the responsibilities explicit in the civil rules requiring notice.

The third assignment of error is overruled.

### IV

For the reasons above enumerated, we overrule the fourth assignment of error.

*Judgment affirmed.*

HOFFMAN, J. , and GWIN, J., concur.

---

[1] R.C. 2107.71(B) specifically denies will contest subject matter jurisdiction to persons named in the ante-mortem proceedings, as here.