OPINION
Defendant-appellant, James F. Pennington, appeals from a decision of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950.
In December 1990, defendant was convicted of one count of rape and four counts of sexual battery based on his conduct with his former stepdaughters; he was sentenced to a term of eighteen to thirty-three years in prison. In 1991, this court upheld defendant's conviction for those crimes. See State v. Pennington (July 30, 1991), Franklin App. No. 91AP-13, unreported, dismissed, jurisdictional motion overruled,62 Ohio St.3d 1481. Subsequent to his conviction, defendant has also unsuccessfully sought post-conviction relief and a writ of habeas corpus. See State v. Pennington (Dec. 30, 1993), Franklin App. No. 93AP-829, unreported, jurisdictional motion overruled (1994),69 Ohio St.3d 1438; State v. Pennington (July 17, 1997), Franklin App. No. 96APA12-1764, unreported.
After a recommendation by the Ohio Department of Rehabilitation and Correction that defendant be found to be a sexual predator pursuant to R.C. 2950.01 et seq., the common pleas court held a sexual predator classification hearing. At the hearing, defendant, represented by counsel, was called as a witness on behalf of plaintiff. In addition, the common pleas court admitted into evidence the following items: (1) a certified copy of the 1988 indictment, (2) the trial transcript of defendant's 1990 trial and subsequent sentencing hearing, (3) a certified copy of the judgment entry from defendant's 1990 trial, and (4) a copy of defendant's master file from prison. Following the hearing, the common pleas court determined defendant to be a sexual predator.
Defendant timely appeals, and assigns the following errors:
 I. THE TRIAL COURT ERRED IN THE ADMISSION OF AN INSTITUTION MASTER FILE AS EVIDENCE IN APPELLANT'S SEXUAL PREDATOR CLASSIFICATION HEARING, THEREBY DEPRIVING HIM OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS A MATTER OF LAW.
In his first assignment of error, defendant contends the common pleas court violated his due process rights when it admitted his institution master file into evidence.
"Section 16, Article I of the Ohio Constitution provides, inter alia, that every person who sustains a legal injury `shall have remedy by due course of law.' The `due course of law' provision is the equivalent of the `due process of law' provision in the Fourteenth Amendment to the United States Constitution." Sorrell v. Thevenir (1994), 69 Ohio St.3d 415,422. Due process contains two components: procedural due process and substantive due process. See Cleveland Bd. of Edn. v. Loudermill (1985),470 U.S. 532, 541 ("* * * the Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct"). Procedural due process requirements are flexible and vary according to a particular situation. See Mathews v. Eldridge (1976), 424 U.S. 319, 334 ("'(d)ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. (D)ue process is flexible and calls for such procedural protections as the particular situation demands'"). (Citations omitted.)
"A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand." Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. See State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus; see, also, State v. Hymore (1967), 9 Ohio St.2d 122, 128, certiorari denied (1968),390 U.S. 1024. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Beacon Journal Pub. Co. v. Stow (1986), 25 Ohio St.3d 347, 349, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, certiorari denied (1999), 525 U.S. 1182, the Ohio Supreme Court held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Here, defendant contends the trial court erred when it admitted an institution master file because the trial court failed to inquire about the reliability of the hearsay statements within the file. Moreover, defendant contends that based on language in Cook, a sexual predator hearing is similar to a sentencing or probation hearing and therefore "the admission of hearsay testimony at a sexual predator hearing should be subject to the same due process analysis required in probation revocation hearings." (Defendant's brief, 5.) See Cook, supra, at 425 ("A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply"). See, also, Morrisey v. Brewer (1972), 408 U.S. 471, 487-490 (involving due process considerations in parole revocation hearings); Gagnon v. Scarpelli (1973), 411 U.S. 778, 781-782 (concluding due process considerations in probation revocation hearings should follow the conditions as specified in Morrisey, supra). Defendant further contends that "[i]n the context of procedural due process, there is no functional difference between sexual predator hearings and probation revocation proceedings." (Defendant's brief, 8.)
Defendant's interpretation of Cook is flawed. Instead of providing that hearsay testimony at a sexual predator hearing should be subject to the same due process analysis as required in probation revocation hearings, Cook simply states that the Rules of Evidence do not strictly apply in sexual predator determination hearings, just as the Rules of Evidence do not strictly apply in sentencing or probation hearings. Under Cook, the trial court may consider reliable hearsay, such as a presentence investigation report. Id. at 425. In State v. Fannin (Nov. 21, 2000), Franklin App. No. 00AP-537, unreported, appeal not allowed (2001),91 Ohio St.3d 1481, this court noted that "[a] postsentence investigation is not significantly different from a presentence investigation."
Nonetheless, at the hearing in the trial court, defendant agued the institution master file contained so much hearsay information, and possibly hearsay on hearsay, that it should be excluded from evidence. In admitting the institution master file, the trial court noted "[t]he case law is clear that the presentence and postsentence investigations are relevant and are admissible." (Tr. 7.) The trial court made no determination concerning the reliability of the hearsay information contained in the institution master file.
Pursuant to Cook, the trial court arguably erred in admitting the institution master file without first inquiring into its reliability. Nonetheless, defendant fails to demonstrate prejudice. Here, the institution master file contains copies of the original indictment and judgment entry from defendant's trial, information about a parole board screening recommendation, a copy of a postsentence investigation report, information about one prison rule infraction concerning cigarettes, documentation of defendant's refusal to participate in a sexual offender's program at Chillicothe Correctional Institute, a copy of a parole recommendation from a Columbus police officer, and favorable information such as copies of several positive evaluation reports and certificates of completion of prison programs.
Information within the postsentence investigation report is not substantially different from testimony that was adduced at defendant's 1990 trial. In addition, although the file does contain evidence of defendant's refusal to participate in a sexual offender program, at the sexual predator determination hearing defendant was provided an opportunity to testify about the circumstances concerning that refusal. Given the trial transcript and the opportunity afforded defendant at the sexual predator determination hearing, defendant cannot show prejudice. Because defendant cannot show prejudice, we need not consider whether sexual predator hearings concern a liberty interest as defendant contends. See Smith v. Flesher (1967), 12 Ohio St.2d 107, 108, paragraph one of the syllabus ("In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal). (Paragraph one of the syllabus of Ohio Life Insurance and Trust Co. v. Goodin, 10 Ohio St. 557, approved and followed)").
Indeed, even if the common pleas court had not admitted the institution master file into evidence, the trial transcript alone supports the trial court's decision. See Hallworth v. Republics Steel Corp. (1950),153 Ohio St. 349, paragraph three of the syllabus ("Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of judgment for errors occurring at trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision"); see, also, Civ.R. 61. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant contends the trial court's finding defendant to be a sexual predator is not supported by sufficient evidence.
Under former R.C. 2950.09(C), a trial court conducted hearings to determine whether an incarcerated defendant that had been convicted of a sexually oriented offense is a sexual predator by clear and convincing evidence. See, also, State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported. Pursuant to former R.C. 2950.01(E), a "'[s]exual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Under former R.C.2950.09(C)(2)(b), a trial court "shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section."
As this court has noted, "an appellate court in reviewing a finding that the appellant is a sexual predator `must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.'" Sturgill, supra, quoting State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also, Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122 .Here, the common pleas court relied on this court's decision in State v. Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported, and found "by clear and convincing evidence that the totality of the evidence including the age of the victims, the relationship of the Defendant to the victims and the pattern of abuse which has been demonstrated that, the defendant does fit the definition of a sexual predator as defined in R.C. 2950.01 et seq [sic] and that Defendant is likely to re-offend." (Decision, 4.)
In Henderson, defendant was indicted on five counts of rape and one count of felonious sexual penetration involving his stepdaughter, and two counts of gross sexual imposition involving his daughter. Defendant pleaded guilty to raping his stepdaughter. In affirming the trial court's sexual predator determination, this court quoted from State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, affirmed, 84 Ohio St.3d 12, noting "[t]he age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
In this case, defendant's convictions for rape and sexual battery are sexually oriented offenses pursuant to former R.C. 2950.01(D)(1). Moreover, at the times defendant committed the offenses, his former stepdaughters were minors over whom defendant had parental responsibilities. The crimes occurred in differing years with multiple victims and demonstrate a pattern of sexual abuse. Consequently, defendant's conduct demonstrates that the risk of recidivism is considerable. See Daniels, supra; see, also, State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported ("A sexual predator is defined as `a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.' * * * Although this standard looks toward the defendant's propensity to engage in future behavior, a trier of fact can look at past behavior as well, since past behavior is often an important indicator of future propensity. See Kansas v. Hendricks (1997), 521 U.S. 346, 358"). (Citations omitted.) Because sufficient evidence supports the trial court's determination that defendant is a sexual predator, we overrule defendant's second assignment of error.
Having overruled defendant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.