The STATE EX REL. MILLER, Appellee,

v.

PRIVATE DANCER et al., Appellants.

[Cite as *State ex rel. Miller v. Private Dancer* (1992), 83 Ohio App.3d 27.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1162.

Decided Sept. 30, 1992.

*Michael Miller,* Franklin County Prosecuting Attorney, *William Owen* and *Carol H. O'Brien,* Assistant Prosecuting Attorneys, for appellee.

*Eric P. Rotondo,* for appellants.

*David H. Bodiker,* for appellant Brenda Redman.

*Bernard Z. Yavitch,* for appellant Mark Wolfe.

BOWMAN, Judge.

In February and March 1991, detectives under the supervision of the Franklin County Sheriff's Department visited appellant, The Private Dancer. Once inside the establishment, each of the detectives bought a female dancer a conversation drink and discussed the various forms of entertainment. Each of the detectives subsequently paid the waitress for a lap dance with the dancer with whom they were speaking. The lap dance involved the detective sitting on a couch and the dancer, wearing shorts, straddling him and dancing in time to the music. The duration of the lap dance depended on the number of songs purchased.

On April 11, 1991, pursuant to R.C. Chapter 3767, appellee, S. Michael Miller, Franklin County Prosecuting Attorney, filed a complaint against The Private Dancer; the real property located at 3609 Trabue Road; the owner of the property, Mark Wolfe; his wife, Sharon Wolfe; and the operator of The Private Dancer, Brenda Redman, alleging that lewdness, assignation or prostitution is conducted, permitted or continued or exists at The Private Dancer and, thus, that The Private Dancer is a public nuisance.

On April 29, 1991, appellant Sharon Wolfe filed a motion to dismiss, asserting that the complaint failed to state a cause of action against her because she was not an owner of the property. At the hearing for the temporary injunction, the trial court reserved ruling on Sharon Wolfe's motion until it heard the evidence.

Following the hearing, the court, by entry dated May 8, 1991, found that a nuisance existed on the premises and granted a temporary injunction and ordered the premises closed. After the hearing for a permanent injunction, the trial court found that a nuisance existed at The Private Dancer, in that lap dancing was a form of sexual activity and constituted an act of lewdness and sexual contact. The court then ordered that the nuisance be abated and permanently enjoined

and the premises at 3609 Trabue Road were ordered closed for use for any purpose for a period of one year beginning May 8, 1991. The court further ordered that all the personal property used in conducting the nuisance be removed and sold. A tax of $300 was levied and the costs of the matter were assessed against appellants.

Appellants now bring this appeal and assert the following assignments of error:

"Assignment of Error 1

"The trial court erred as a matter of law to the prejudice of the appellant, Sharon Wolfe, in failing to sustain the pre-trial motion to dismiss, as she is not an owner of the property within the meaning of O.R.C. 3767.02 and fail[ing] to dismiss Sharon Wolfe at the conclusion of plaintiff's case on the temporary and permanent injunctions.

"Assignment of Error 2

"Ohio Revised Code Chapter 3767 is unconstitutionally vague with reference to the term lewdness in violation of the Due Process Clauses of the Ohio and Federal Constitutions both on its face and as applied and further that the trial court erred in weighing the evidence to find lewdness."

In their first assignment of error, appellants assert that the trial court erred in not granting Sharon Wolfe's motion to dismiss. Appellants assert that the property in question was sold only to Mark Wolfe and that the only involvement Sharon Wolfe had in the transaction was being obligated on the mortgage deed, which has since been satisfied. Because she is not an owner of the property in question, appellants assert that Sharon Wolfe was not a proper party in this action.

Appellants assert that, when Sharon and Mark Wolfe executed the purchase money mortgage in favor of the real estate vendor, they did so to release Sharon Wolfe's dower interest in the general warranty deed, which granted the real estate in question solely to Mark Wolfe, and to provide the vendor with an additional responsible debtor. Appellants assert that, once the mortgage deed was satisfied, Sharon Wolfe only held an inchoate right of dower in the property, which would not vest until the death of Mark Wolfe.

In *Jewett v. Feldheiser* (1903), 68 Ohio St. 523, 67 N.E. 1072, the court held that the inchoate dower of the wife is not a lien upon the land of the husband but is an interest in it. The interest arises when property is purchased during a marriage and continues unless the interest is specifically released.

In this case, there is no evidence showing that Sharon Wolfe specifically released her dower interest in the property in question. Such a release must be done in writing and recorded. Because there is no evidence that Sharon Wolfe's dower interest in the property has been released, the trial court did not err in not

granting her motion to dismiss. Appellants' first assignment of error is not well taken.

In their second assignment of error, appellants assert that the term "lewdness," as used in R.C. Chapter 3767, is unconstitutionally vague both on its face and as applied. Appellants also assert that this case presents a substantially different fact pattern from cases previously decided by this court on the issue of lewdness,[1] in that there was more obvious evidence of sexual activity in the other cases. A law is unconstitutional on its face if it is so vague that a person of common understanding cannot know what is forbidden. *Lanzetta v. New Jersey* (1939), 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888. Further, laws which broadly forbid conduct or activities which are protected by the United States Constitution are void on their face. *Thornhill v. Alabama* (1940), 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093. It is well settled that nude dancing falls, marginally, within the protection of the First Amendment, in that it is a form of expressive conduct, *Schad v. Borough of Mt. Ephraim* (1981), 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671, although statutes which impose some incidental limitations on such activities have been upheld, *Barnes v. Glen Theatre, Inc.* (1991), 501 U.S. ——, 111 S.Ct. 2456, 115 L.Ed.2d 504. The dancing in those cases did not involve physical contact between the customers and the dancers.

This court is bound to follow the decision of the Ohio Supreme Court in *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals* (1992), 63 Ohio St.3d 354, 588 N.E.2d 116, which held that the term "lewdness" as used in R.C. 3767.01 is not void for vagueness. In *Rear Door Bookstore*, the court held, at 360, 588 N.E.2d at 122:

"The common definitions of 'lewd' clearly demonstrate that there are activities of a sexual nature which are beyond the limits of what society deems tolerable. * * *

" * * * The word ['lewdness'] describes a public sexual activity that is reprehensible or disgusting in nature. Its meaning is sufficiently clear to a person of average intelligence and its definition supplies ample guidance to prevent arbitrary and discriminatory enforcement."

The court further stated, at 359, 588 N.E.2d at 121:

" * * * The end result is that a meaning can be ascertained which puts a person of ordinary intelligence on notice of what actions are prohibited."

While some may find that lap dancing, like nude dancing, is a form of expressive conduct protected by the First Amendment, this court declines to

---

1. See *State ex rel. Miller v. Rear Door Bookstore* (Mar. 21, 1991), Franklin App. No. 90AP–986, unreported, 1991 WL 38204; and *State ex rel. Miller v. Nu–Look Bookstore* (Apr. 30, 1991), Franklin App. No. 90AP–939, unreported, 1991 WL 70131.

stretch the circle of expression beyond the perimeters already established. See *Dallas v. Stanglin* (1989), 490 U.S. 19, 109 S.Ct. 1591, 104 L.Ed.2d 18. Based on the holding in *Rear Door Bookstore,* appellants' challenge claiming that lewdness, as used in R.C. Chapter 3767, is unconstitutionally vague on its face and as applied must fail. The statute prohibits only conduct, not expression. See *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362.

Appellants also assert that the trial court erred in weighing the evidence to find lewdness.

When reviewing a trial court decision to determine whether it is against the manifest weight of the evidence, a court of appeals is guided by the presumption that the findings of the trial court were correct. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Further, a reviewing court should not reverse a decision simply because it holds a different opinion concerning the evidence submitted to the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on the credibility of witnesses and the evidence is not. *Seasons Coal, supra.*

The standard of review for this court regarding the granting of an injunction by a trial court is whether the trial court abused its discretion. The allowance of an injunction rests within the sound discretion of the trial court and depends upon the facts and circumstances surrounding the case. *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Beacon Journal Pub. Co. v. Stow* (1986), 25 Ohio St.3d 347, 25 OBR 399, 496 N.E.2d 908. Absent a showing of an abuse of discretion, this court cannot reverse. *Kondrat v. Byron* (1989), 63 Ohio App.3d 495, 579 N.E.2d 287.

This court finds that the judgment of the trial court is supported by some competent, credible evidence that showed that lap dancing was lewd and tended to incite sensual desire or imagination. See *Rear Door Bookstore.* Although this court, in hearing the evidence, might have held a different opinion than the trial court, this is not a legitimate ground for reversal. Consequently, this court finds that the trial court did not abuse its discretion in weighing the evidence and in issuing the injunction. Appellants' second assignment of error is not well taken.

Based on the foregoing, appellants' two assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and PETREE, JJ., concur.