CITY OF AKRON et al., Appellants,

v.

KETTERING et al., Appellees.

[Cite as *Akron v. Kettering* (1995), 106 Ohio App.3d 547.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17151.

Decided Sept. 27, 1995.

*Max Rothal*, Law Director, and *Elaine Davidson*, Assistant Law Director, for appellants.

*James Burdon*, for appellees.

---

REECE, Judge.

Appellant, the city of Akron, appeals from the trial court's grant of a permanent injunction in favor of appellees, John Kettering, Richard Sherrard and David Harbarger. We reverse.

On August 4, 1994, Akron administered a civil service promotional exam for the position of water meter supervisor. Harbarger received the highest score of 83.4512. Tied for second were Kettering and Sherrard with a score of 79.9674. David DeWitt came in third with a score of 78.2256. Akron's personnel department certified the four as potential candidates to fill the supervisory position. DeWitt was ultimately selected.

Kettering, Sherrard and Harbarger then sought injunctive relief in the Summit County Court of Common Pleas. They requested the trial court to permanently enjoin Akron from appointing DeWitt as water meter supervisor. They argued that the Akron Charter prevented DeWitt's appointment because the charter's civil service provisions allowed for only the top three candidates to attain certification.

The trial court granted the permanent injunction. The trial court found that only the top three candidates could be certified under the Akron Charter. The trial court stated:

"On the facts as stipulated those persons are David M. Harbarger, Richard L. Sherrard and John A. Kettering. Once three individuals have been identified as standing higher in the ranking than any others, they are the only qualified candidates. David Harbarger ranks higher than any other individual. Richard L. Sherrard ranks higher than any individual except David Harbarger and John A. Kettering. John A. Kettering ranks higher than any individual except David

Harbarger and Richard L. Sherrard. These three individuals are standing highest on the eligible list and are the three to be certified. The fact that two have the same score is of no significance since each stands higher than any other candidate except David M. Harbarger. Additional candidates can only be certified when giving effect to a tie creates a greater number than three."

Based on this reasoning, the trial court permanently enjoined Akron from promoting DeWitt as water meter supervisor. Akron timely appeals.

In its sole assignment of error, Akron contends that the trial court improperly granted the permanent injunction. It argues that the charter did not prohibit the certification of DeWitt. We agree.

The grant of an injunction is generally committed to the discretion of the trial court. *State ex rel. Miller v. Private Dancer* (1992), 83 Ohio App.3d 27, 32, 613 N.E.2d 1066, 1069–1070. As the Supreme Court of Ohio stated, an "[i]njunction is an extraordinary remedy equitable in nature, and its issuance may not be demanded as a matter of strict right; the allowance of an injunction rests in the sound discretion of the [trial] court and depends upon the facts and circumstances surrounding the particular case[.]" *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595, syllabus.

There are two provisions of the Akron Charter at issue in this case. The sections provide for the certification of employees who pass a civil service exam and who merit consideration for promotion. They state:

"SECTION 106. PERSONNEL DIRECTOR—RULES AND REGULATIONS.

" * * *

"(6) For the certification to the appointing authority by the Personnel Director from the appropriate eligible list to fill vacancies in the classified service of the persons with the three highest scores on such list, or of the person or persons on such list when the same contains less than three scores.

" * * *

"SECTION 108. APPOINTMENTS.

"When a position in the classified service is to be filled, the appointing authority shall notify the Personnel Director of the fact and the Personnel Director shall certify to such authority the names and addresses of the three candidates standing highest on the appropriate eligible list for the position. In the event of ties in total final grade or final score, those persons having final tie grades or final tie scores shall also be certified in their relative position on the eligible list as additional candidates. The appointing authority shall immediately appoint one of the persons certified to such position."

At first glance, these ordinances appear to conflict. Section 106(6) requires certification of the persons attaining the *three highest scores*. On the other hand, Section 108 requires certification of the *three highest candidates*. A close reading of the sections, however, can give effect to each section without producing an inconsistent result.

If Section 106(6) were the only section at issue, DeWitt clearly would be among the employees certified for promotion. The section focuses on scores. It requires those persons attaining the three highest scores to receive certification without limiting the number of people who could obtain the three highest scores. This is evidenced by the word "persons" without any qualifying number.

Section 108 does indicate a qualification as to the number of "persons." The section requires that the three highest candidates receive certification. If the section did not state anything else, it would seem that DeWitt would lose because this section, as the more specific provision, would control over the more general provision, Section 106(6). Section 108 continues, however. It requires that in the event of a tie in total grades or scores, those persons achieving tie scores shall also receive certification. Thus, when a tie occurs, the section focuses on the scores and allows for the certification of more than three employees. Therefore, Section 108's imposition of the three-candidate limit is not absolute.

Because Section 108 focuses on scores in the event of a tie, it is in this way that we read it consistently with Section 106(6). In this case, a tie occurred among the top three scores. Because a tie occurred, "those persons achieving tie scores shall also receive certification." In other words, when a tie occurs among more than three people for the top three scores, the proper employees certified are those who obtained the top three scores in order to give effect to both sections. Thus, the trial court improperly enjoined DeWitt's certification based on its incorrect interpretation of the charter.

Furthermore, our interpretation does not controvert the purpose of the charter. The civil service exam provides a mechanism to identify qualified employees who should be considered for promotion based on merit. If more than three people attain the three highest scores, this does not mean that the lowest of those candidates should not deserve consideration. Those who attain the three highest scores should deserve consideration based on their ability to attain the three highest scores. Therefore, our interpretation is consistent with the purpose of the charter.

The appellant's assignment of error is sustained. The judgment of the trial court is reversed.

*Judgment accordingly.*

BAIRD, P.J., and DICKINSON, J., concur.