OPINION
This case arises out of an appeal from the Board of Zoning Appeals (hereinafter "BZA") decision allowing a conditional use permit at 9 Orth Avenue to construct a building for the House of Bread, which is proposed to be a soup kitchen and community center at this location. The Jane Reece Neighborhood Association (hereinafter "Jane Reece") appealed this decision, claiming that granting the conditional use conflicted with its neighborhood plan adopted by the City of Dayton in 1990.
Along with its appeal, Jane Reece filed a motion for stay and a motion for a temporary restraining order. The trial court held a conference on March 30, 1999 at which time all parties agreed to treat the motion as a request for preliminary injunction at the April 23, 1999 hearing. On April 22, 1999, Jane Reece filed a renewed motion for stay and withdrew its motion for a temporary restraining order. The trial court overruled this motion and went forward with the preliminary injunction hearing on April 23. On May 13, 1999, the court overruled Jane Reece's motion for preliminary injunction and set supersedeas bond at $100.00.
Jane Reece appealed from this decision raising the following two assignments of error:
 The trial court erred by denying Appellant's motion for stay of enforcement of an administrative zoning decision.
 In the alternative, the trial court erred by applying the more stringent tests required for preliminary injunction rather than tests for a stay.
Initially, we must address the standard of review appropriate for this appeal. Although the case below involves an administrative appeal, the actual decisions appealed to this Court denied a preliminary injunction and a stay. The trial court has not yet decided whether the BZA decision itself should be affirmed or overturned. Therefore, the standard of review for preliminary injunctions is appropriate.
Granting or denying an injunction is within the sole discretion of the trial court. State ex rel. Miller v. PrivateDancer (1992), 83 Ohio App.3d 27, 32. The same is true for granting or denying a stay. Cardone v. Cardone, (Sept. 2, 1998) Summit App. No. 18873, unreported, at p. 2. The decision of the trial court will not be overturned absent an abuse of discretion.Id. An abuse of discretion exists where the court's attitude is unreasonable, arbitrary or unconscionable. Id.
 I
In its first assignment of error, Jane Reece argues that filing a supersedeas bond automatically entitled it to a stay of the BZA decision. Jane Reece relies on R.C. 2505.06, 2505.09 and Civ.R. 62(B). R.C. 2505.06 provides:
 Except as provided in section 2505.12 of the Revised Code, no administrative-related appeal shall be effective as an appeal upon questions of law and fact until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed.
This code section refers to the conditions in R.C. 2505.09 which states:
 Except as provided in section 2505.11 or 2505.12 or another section of the Revised Code or in applicable rules governing courts, an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *
It is clear from these code sections that a supersedeas bond must be filed at the same time as the appeal in all appeals involving questions of both law and fact. However, R.C. 2505.09
appears to treat obtaining a stay of execution of judgment as a separate process wherein the appellant must comply with the Rules of Appellate Procedure. Additionally, R.C. 2505.03(B) provides that the Rules of Appellate Procedure are applicable in administrative-related appeals in the common pleas court. App.R. 7(B) outlines the procedure for obtaining a stay of execution of judgment. The rule provides that the appellant must first file a motion for stay in the trial court, then if unsuccessful, it may file again in the appellate court. Jane Reece has exhausted this process, having been denied a stay in both the trial court and the appellate court.
On the contrary, Jane Reece argues the applicable rule is Civ.R. 62(B), which provides:
 When an appeal is taken, the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.
Cases interpreting Civ.R. 62(B) have held "once a trial court has made a determination concerning the amount of the supersedeas bond which the appellant will be required to post: the court has no discretion in deciding whether to grant the stay." Hagood v. Gail
(1995), 105 Ohio App.3d 780, 785; citing State ex rel. Ocasek v.Riley (1978), 54 Ohio St.2d 488, 490.
The question then presented to this Court is if the trial court sets and approves a supersedeas bond pursuant to R.C.2505.06 to allow an appeal on questions of law and fact, must it also automatically grant a stay of execution of the administrative decision pursuant to Civ.R. 62(B)? The answer is no. The bond required to be filed in R.C. 2505.06 is imposed only to allow the appeal to proceed on questions of law and fact. Once the appeal is filed and pending in the trial court, then if the appellant desired a stay, it would be required to file a motion requesting stay of execution of judgment pursuant to App.R. 7(B) as discussed above. If the trial court were to grant this motion, the court would then consider the amount of a separate supersedeas bond.
In the present case, the trial court ordered Jane Reece to pay a $100 supersedeas bond in order to allow its appeal to proceed on questions of law and fact. Filing of this supersedeas bond accomplished nothing more than allowing the appeal. Jane Reece did file a motion to stay the BZA decision, but all parties agreed that motion would be considered as a preliminary injunction. Later, Jane Reece filed a renewed motion for stay which the court did not explicitly rule on. However, when the record does not reflect a ruling on a motion, it is presumed to be overruled. State ex rel. Cassels v. Dayton City School Dist. Bd.of Edn. (1994), 69 Ohio St.3d 217, 223. Jane Reece also filed a motion to stay in this Court which was denied on July 19, 1999.
The supersedeas bond filed by Jane Reece in this case allowed its appeal to proceed forward on questions of law and fact. The bond did not act to stay execution of the BZA decision. Further, the trial court did not abuse its discretion in denying Jane Reece's motion to stay. Accordingly, Appellant's first assignment of error is overruled.
 II
In the second assignment of error, Jane Reece states that the trial court should have applied the test for a stay instead of the test for a preliminary injunction. However, Jane Reece actually argues in this assignment of error that the four factors for a preliminary injunction were in fact met. Again, we must determine if the trial court's denial of the preliminary injunction was an abuse of discretion.
The trial court applied a four-factor test to decide whether Jane Reece was entitled to a preliminary injunction. The four factors are: (1) whether movant is likely to prevail on the merits; (2) whether movant will be irreparably injured without the injunction; (3) balance of injury to all parties involved; (4) public interest. International Diamond Exchange Jewelers, Inc. v.U.S. Diamond Gold Jewelers, Inc., (1991) 70 Ohio App.3d 667,672. Jane Reece argues in its brief that the first factor should instead be satisfied if the movant presents a serious legal question instead of likelihood of success on the merits.
The "serious legal question" analysis was addressed in the federal case, Washington Area Transit Comm. V. Holiday Tours, Inc.
(1977), 559 F.2d 841. The Washington Area Transit court reviewed a permanent injunction which had been granted by the district court and then stayed pending appeal. Id. First, the court listed the same four factors described above as the test to determine whether an injunction or stay was appropriate. Id. In that case, the latter three factors were overwhelmingly in favor of granting the stay. The court decided that when the other three factors are strongly in favor of the movant, the first factor can be satisfied if the movant has made a substantial case on the merits, that is, has presented a serious legal question. Id. at 844. To clarify, the court stated that when (1) the stay seeks to maintain the status quo, (2) a serious legal question is presented, (3) the movant will experience irreparable injury, and (4) little or no harm will come to other parties, the stay may be granted. Id. Further, the court stressed that if the stay would cause substantial harm to other parties, then the original first prong must remain the same, i.e., likelihood of success on the merits. Id.
The serious legal question analysis raised by Jane Reece and discussed in Washington Area Transit has not been applied by Ohio courts. Even if it were, the analysis would not be appropriate in this case because the latter three factors involved are not overwhelmingly in favor of the movants. This is illustrated by the trial court's analysis of these factors, which is hereby adopted by this Court:
2. Will Appellant suffer irreparable harm if the stayis not issued.
 Although Appellant argues that it will suffer irreparable harm if the stay is not issued, Appellant provided no evidence of such at the hearing. Appellant offered evidence of how the conditional use would impact the neighborhood if the House of Bread prevailed on the merits, but the question presented by this factor is the impact of whether or not the stay is issued.
3. Balancing of the respective potential injuries tothe parties.
 Again, Appellant has produced no evidence as to how this Court's refusal to grant a stay will harm Appellant pending the decision on the merits of the appeal. On the other hand, Appellee House of Bread has offered evidence of three (3) potential harms to it: (1) loss of food supplies; (2) loss of volunteers; and (3) increase in construction costs. James Baker provided the testimony on these issues.
4. Whether the public interest will be served byissuing a stay.
 Appellant argues that the BZA approval was rendered on February 11, 1999, and that House of Bread has done nothing in furtherance thereof. Appellant maintains that a few more months to allow time for the appeal to determine if the BZA acted unlawfully will not harm [Appellee] and would serve the public interest in maintaining the status quo pending the appellate process., Appellee House of Bread provided testimony and argues that the new location will allow a larger building to accommodate new programs of "Kids' Café" and counselling [sic] rooms. These are new services to the public that will be delayed. House of Bread also argues that further delay will harm its patrons (the working poor, needy families, and the mentally challenged), who would be left with no services or would be required to somehow replace these services. House of Bread maintains that the greater weight of the equities favors the House of Bread and its role in the community.
We agree that these three factors weigh more in favor of Appellee House of Bread than Appellant Jane Reece. Therefore, Jane Reece is required to demonstrate in the first factor that it has a greater likelihood of success on the merits than House of Bread. Jane Reece did not meet this burden.
Jane Reece argues that the House of Bread is inconsistent with the plan for the neighborhood adopted by the City of Dayton. In this regard, Jane Reece maintains that the House of Bread will be incompatible with the existing structures and uses in the neighborhood as they are mainly residential. Further, Jane Reece contends that building the House of Bread will increase undesirable foot traffic and potential danger to the neighborhood.
On the other hand, House of Bread argues that the BZA was aware of all of this information when its decision was made. The BZA held several hearings consisting of testimony from many individuals. Additionally, the House of Bread counters that its use is consistent with other existing neighborhood structures and uses such as Catholic Social Services. Finally, the House of Bread contends that most of the concerns of the neighborhood association were addressed by the BZA in the conditions placed on granting the conditional use.
Jane Reece has the burden in this case to show that the BZA decision was incorrect. The common pleas court may only reverse the BZA decision if it finds "that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." R.C.2506.04; Liberty Sav. Bank v. Kettering (1995), 101 Ohio App.3d 446,451. Based on this standard and the above discussion, it is not clear that Jane Reece has any greater likelihood of success on the merits than the House of Bread.
Based on the foregoing discussion of the four factors, we find that the trial court did not abuse its discretion in denying the motion for preliminary injunction. Accordingly, Jane Reece's second assignment of error is overruled. The judgment of the trial court is affirmed.
GRADY, P.J., and FAIN J., concur.
Copies mailed to:
Lana Green
Steven R. Milby
Brian M. Roberts
Hon. David Gowdown