BAKER, Appellee,

v.

BLEVINS et al., Appellants.

[Cite as *Baker v. Blevins*, 162 Ohio App.3d 258, 2005-Ohio-3664.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2004–CA–56.

Decided July 15, 2005.

Stephen Schumaker, Clark County Prosecuting Attorney, and Johnny D. Pryor, Assistant Prosecuting Attorney, for appellee.

Michael K. Murry, for appellants.

BROGAN, Presiding Judge.

{¶ 1} Robert and Gail Blevins appeal from a trial court decision granting a preliminary and permanent injunction to Rod Baker, the Pike Township Zoning Inspector. The injunction prohibited Robert and Gail from maintaining or storing a mobile home on property located at 3939 North Dayton–Lakeview Road. The trial court also ordered Robert and Gail to remove their mobile home from the premises by October 15, 2004. This judgment was stayed pending appeal. Robert and Gail now raise as a single assignment of error that the trial court erred in granting the zoning inspector's request for a temporary and permanent injunction.

{¶ 2} After reviewing the testimony and applicable law, we find the assignment of error without merit. Accordingly, the judgment of the trial court is affirmed.

{¶ 3} In the spring of 1988, Robert and Gail Blevins placed a mobile home on property at 3939 North Dayton–Lakeview Road. The property is zoned A–1, agricultural district. Effective January 1, 2000, Pike Township revised its zoning

regulations. Section 135(5) of the revised regulations now prohibits single-wide manufactured units in districts other than a residential manufactured-home-park district. The regulations allow nonconforming uses, but specify:

{¶ 4} "Any Non-conforming Use of land which is discontinued, or building or structure left vacant, for a period of two (2) years or more, shall not be resumed. Any subsequent use of the land shall be in conformance with these Regulations." Chapter One, Section I(6) of the Pike Township Zoning Regulations.

{¶ 5} There is no dispute about the fact that the Blevinses' mobile home was grandfathered as a pre-existing nonconforming use. However, Robert Blevins was aware that if he moved the mobile home, he would have only two years to replace or upgrade the home.

{¶ 6} Three witnesses testified at the bench trial in this case: (1) Rod Baker, who was the township zoning inspector when the complaint was filed; (2) Lawrence Riekers, who had lived next door to the Blevins family for over 12 years; and (3) Robert Blevins. There were conflicts in the testimony. Baker testified that he had been the zoning inspector for more than 25 years and had dealt with Robert and his wife on various occasions over the years. He stated that the mobile home had been moved from its pad to a place alongside the barn and had sat there for roughly three years. Baker indicated that he did not know the exact dates but did know that more than two years had passed because he had occasion to go by the property all the time. He knew roughly when the mobile home was moved and where it was moved. In addition, there was no sign of anyone living in the trailer, which had no skirting.

{¶ 7} Riekers testified that the mobile home was vacated on June 16, 2000. At that time, Riekers saw the mobile home being emptied out in the middle of the night. Subsequently, on August 11, 2001, the mobile home was moved from the pad. Riekers thought the home was being moved completely off the property because no one had been living in it. However, the mobile home was simply moved elsewhere on the property, about 100 to 200 feet from its original site, and close to the property line. The home then sat in that location for over two years, until September 12, 2003, when it was moved back to the original pad. Riekers was certain about these dates because he kept records about various activities on the Blevinses' property.

{¶ 8} Riekers was aware of the two-year rule for the mobile home. He did not report the violation at the time, nor did he ever notify Baker about it. He first spoke about the matter to a township trustee, Bob Kaffenbarger, who came onto Riekers's property. Riekers indicated that everyone in Pike Township was aware of the mobile home because it was in plain sight from the road.

{¶ 9} Robert admitted moving the mobile home off the pad. However, he testified that he had moved it on September 15, 2001, and had returned the home to the pad sometime in August 2003. Robert produced a receipt for a backhoe rental that was dated September 17, 2001. According to Robert, he took the bucket off the backhoe and used the backhoe to move the mobile home. He also produced a contract for a new double-wide home, dated September 4, 2001. Robert stated that he and his wife had intended to put the double-wide home on the lot, but the loan did not go through. In order to put the new home on the site, a foundation would have to be put in. Robert said that he and his wife "jumped the gun" because they were excited about getting the new home and had been preapproved for a loan. They were also turned down for a loan in 2002. Ultimately, they decided to remodel the existing mobile home. Robert indicated that he was aware of the two-year time limit and specifically recalled moving the mobile home back on the pad before his daughter started school.

{¶ 10} There was obvious animosity between Riekers and Robert Blevins. At one time, they had been in business together and had operated a hydraulic repair shop. However, their relationship ended about seven or eight years before the court hearing, amid allegations of misplaced funds and equipment. Rierkers stated that he did not speak to Robert, did not care for him, and had experienced harassment for half a dozen years, including being yelled at every time he went up and down the driveway. He kept notations about events because he did not know whether the township was keeping track.

{¶ 11} After hearing the above testimony, the trial court found that Riekers's testimony was the best evidence on dates, since Rierkers had kept detailed notes on calendars and had transferred the information to an exhibit that was produced at trial. Accordingly, the court found the complaint for injunction well taken because the trailer had been off the pad for more than two years. Robert and Gail contend that the court abused its discretion because Baker had failed to prove entitlement to an injunction by clear and convincing evidence. In particular, they focus on the fact that Baker had no specific knowledge of the dates the trailer was off the pad. They also claim that the trial court should not have credited Riekers's testimony because of the animosity between the parties and because Rierkers could not produce the calendars that he used for record-keeping.

■ {¶ 12} Under R.C. 519.24, a board of township trustees, a county prosecuting attorney, or a township zoning inspector may file an action for an injunction to prevent any unlawful use of buildings or land. Because R.C. 519.24 grants the injunctive remedy, the township is "not required to plead or prove an irreparable injury or that there is no adequate remedy at law, as is required by Civ.R. 65." *Union Twp. Bd. of Trustees v. Old 74 Corp.* (2000), 137 Ohio App.3d

289, 294, 738 N.E.2d 477. Instead, the township must show only that the property is being used in violation of a zoning ordinance. Id. at 295, 738 N.E.2d 477. The township has the burden, however, of proving its case for an injunction by clear and convincing evidence. *Concord Twp. Trustees v. Hazelwood Builders, Inc.* (May 16, 1997), Lake App. No. 96–L–075, 1997 WL 286205, *2.

{¶ 13} As a preliminary point, we should note that a party is not precluded from establishing a case by clear and convincing evidence simply because there are conflicts in testimony. A court may choose, as it did here, to believe the testimony of one witness over another. That was the court's prerogative, and trial courts are in the best position to assess credibility. Typically, we give great deference to credibility decisions. *Pacher v. Invisible Fence of Dayton,* 154 Ohio App.3d 744, 2003-Ohio-5333, 798 N.E.2d 1121, at ¶ 62. As the Ohio Supreme Court has stressed:

{¶ 14} "[T]he trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. As we stated in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80–81, 10 OBR 408, 410–412, 461 N.E.2d 1273, 1276–1277:

{¶ 15} " 'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159.

{¶ 16} The trial court clearly chose to believe the testimony of Riekers, and we must defer to that finding. Furthermore, Baker (the zoning inspector), said he was certain that the mobile home had been off its original site for more than two years. Although Baker could not recall the precise dates, he stressed that he took notice that the mobile home was gone and knew the period was longer than two years. He also said he went by the property all the time. This testimony came from a person who had worked for over 25 years as the zoning inspector and would have been intimately familiar with property in the township. Moreover, there was no evidence that Baker harbored any animosity toward the Blevins family.

{¶ 17} We review a trial court's grant of an injunction for abuse of discretion. *State ex rel. Miller v. Private Dancer* (1992), 83 Ohio App.3d 27, 32, 613 N.E.2d 1066. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id., citing *Beacon Journal Publishing Co. v. Stow* (1986), 25 Ohio St.3d 347, 25 OBR 399, 496 N.E.2d 908.

{¶ 18} Having reviewed the testimony, we find no abuse of discretion on the part of the trial court. As we said, the court simply chose to believe one side instead of the other. Because the record contains evidence to support the decision, the trial court did not act unreasonably, arbitrarily, or unconscionably in granting an injunction.

{¶ 19} As a final point, we note that Section 135(5) prohibits resumption of a nonconforming use if a building is left vacant for two years or more. Riekers testified that the mobile home was vacated on June 16, 2000. Robert disputed only the date the mobile home was moved from its pad; he did not testify about when he actually vacated the home. Therefore, even if one believes Robert's testimony, the evidence before the trial court was that the mobile home was vacant from June 16, 2000, to August 2003, or a period that was substantially longer than two years.

{¶ 20} Based on the preceding discussion, the single assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF and DONOVAN, JJ., concur.