[Cite as *Brimfield Twp. v. Fioritto*, 2014-Ohio-4743.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| TOWNSHIP OF BRIMFIELD, PORTAGE COUNTY, OHIO, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO.  2014-P-0019** |
| | : | |
| - vs - | : | |
| | : | |
| THOMAS FIORITTO, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 0301.

Judgment: Affirmed.


*Victor V. Vigluicci,* Portage County Prosecutor, and *Christopher J. Meduri,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David M Leneghan,* The Law Offices of David M. Leneghan, 200 Treeworth Boulevard, #200, Broadview Heights, OH 44147 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, Thomas Fioritto, appeals from the Order and Journal Entry of the Portage County Court of Common Pleas, adopting the Magistrate Decision and granting the plaintiff-appellee, the Township of Brimfield's, request for a permanent injunction against Fioritto, preventing him from using his property to store commercial vehicles and construction equipment and materials.  The issues to be decided in this

case are whether an individual can store construction vehicles and equipment on his land while "clearing" the land of trees and whether a nursery is a permitted use of property zoned General Commercial, pursuant to the Brimfield Township Zoning Resolution. For the following reasons, we affirm the decision of the court below.

**{¶2}** In January of 2012, Fioritto acquired an approximately two-acre parcel of land abutting Brimfield Drive in Brimfield Township, Ohio. This property is located within a General Commercial (G-C) zoning classification under the Brimfield Township Zoning Resolution.

**{¶3}** On August 22, 2012, Fioritto appeared before the Board of Zoning Appeals (BZA), seeking a conditional use permit and/or a variance to operate his business on the property.[1] The BZA requested that he return and present additional information. The hearing was reconvened on November 28, 2012, at which time Fioritto did not appear and the request was denied.

**{¶4}** On March 21, 2013, Brimfield filed a Complaint seeking a permanent injunction against Fioritto, pursuant to R.C. 519.23, .24, and .99. Brimfield alleged that Fioritto was using his Brimfield Drive property for a "construction yard and storage purposes," which is not permitted in a General Commercial District, and violates the Zoning Resolution. Brimfield requested that Fioritto be ordered to cease using the property for these purposes.

**{¶5}** On May 22, 2013, Fioritto filed his Answer.

**{¶6}** A trial was held before the magistrate on January 31, 2014. The following testimony was presented:

---

1. According to testimony presented at trial that will be further outlined, this business has been alternately described by the parties as a construction business, a landscaping business, and a nursery.

2

{¶7} Fioritto testified that he is a real estate developer, as well as the owner and operator of Fioritto Construction. His company installs "landscape items," which include trees, mulch, and paving work. He also installs waterlines and performs sewer work. He noted that his business involves making and delivering "nursery landscape supplies," including mulch and topsoil, and selling trees, all of which he referred to as his "nursery duties." He explained that he purchases trees to sell rather than growing them, although he planned to do so in the future.

{¶8} Regarding his company's vehicles, he owns four dump trucks, which he uses to deliver and pick up material such as topsoil and stone for sewer jobs. He also has two excavators, a Caterpillar Dozer used to strip topsoil, and two trailers. He has a 300 gallon fuel tank on the property which he uses to fuel the equipment. These vehicles have all been located at the property at some time, although not all were there at the time of trial.

{¶9} Fioritto testified that when he acquired the Brimfield Drive property, it was a wooded area with no structures. He is still clearing and grading the land and his intent is to put a nursery there. He explained that his equipment stored on the property is "nursery equipment" and that it is used for the purpose of transporting topsoil and not for construction.

{¶10} Fioritto testified that, prior to purchasing the property, he spoke with Richard Messner, the Zoning Inspector for Brimfield Township. He later spoke with him again and was informed he would have to apply for a variance or some other approval because his property appeared to be used for construction purposes. While he did so,

he ultimately did not appear at the final hearing and believed that it was unnecessary for him to apply for a conditional use permit to develop his land.

{¶11} Messner testified that he spoke with Fioritto after he purchased the property, and Fioritto informed him that he intended to develop it for "sales and service of * * * construction equipment," which Messner did not believe to be a permitted or conditionally permitted use without the permission of the Board of Zoning Appeals. He sent Fioritto a letter on May 29, 2012, which recommended that, if he was going to use the property as a construction equipment yard, he should apply for a zoning certificate, apply for a variance, or request a zoning amendment. It also stated that he should remove commercial vehicles, storage materials, and the fuel tank from his property.

{¶12} Messner explained that various pictures he took of Fioritto's use of the property, some of which were taken on January 14, 2014, which included the multiple dump trucks, excavator, fuel tank, plastic PVC pipes and other construction equipment, and miscellaneous items, showed a scene that was consistent with a construction yard. Messner observed Fioritto's property on the day before the trial and saw the same types of equipment that had been there for over a year and a half, including a few dump trucks, a trailer, and other equipment which may have included a backhoe.

{¶13} Messner noted that Fioritto had submitted a certificate of zoning compliance asking to be permitted to operate a nursery, but no zoning certificate was issued, since the proper steps were not followed by Fioritto. Fioritto submitted $100 required to obtain a certificate of compliance, which was rejected and returned to him. Messner stated that the request to operate a nursery had not been discussed until after

4

the lawsuit was filed. Messner never saw trees or other items growing on Fioritto's property.

{¶14} On February 19, 2014, a Magistrate Decision and Journal Entry was filed, granting the request for a permanent injunction. The Decision found that Fioritto had been involved in the construction business for a period of time but that his primary business was landscaping, for which he used the equipment described at trial. It found that various landscaping materials were stored on the property but no plants were grown at the site. The magistrate noted that, initially Fioritto used his construction equipment to clear the lot, but "after his lot was cleared," he did not obtain a certificate to allow this equipment to be stored onsite. The magistrate found that, at the hearing before the BZA, Fioritto explained that he intended to keep his construction equipment and materials on his property. He planned on building an office and garage on the property as well, to repair and store trucks.

{¶15} The magistrate found that Fioritto "changed the use of the property" to store construction equipment and materials without obtaining a zoning certificate. The failure to obtain the certificate was a violation of Brimfield Township Zoning Resolution Sec. 200.02. Further, the magistrate found that the use of the lot was contrary to the G-C zoning district requirements, which do not allow storage of construction materials or use of the property as a contractor's yard.

{¶16} Regarding the claim by Fioritto that his lot is a nursery, a permissible use under the G-C zoning, the magistrate concluded that there was no credible evidence that the business was a nursery, since Fioritto admitted that he had grown no stock there and the mulch stored there was part of his landscaping business. Brimfield was

5

granted a permanent injunction "enjoining and restraining Defendant Thomas Fioritto from storing commercial vehicles, construction equipment and materials, and fuel tank on his lot" and Fioritto was ordered to "remove these within 30 days of the Court's adoption of this decision."

{¶17} The trial court judge issued an Order and Journal Entry on February 26, 2014, adopting the Magistrate Decision.

{¶18} On March 5, 2014, Fioritto filed his Objections to the Magistrate's Decision. The trial court found these objections not well-taken in an April 7, 2014 Order and Journal Entry and again adopted the Magistrate Decision.

{¶19} Fioritto timely appeals and asserts the following assignments of error:

{¶20} "[1.] The trial court's factual finding that Appellant had finished clearing the Premises is against the manifest weight of the evidence.

{¶21} "[2.] The trial court erred in failing to recognize that Appellant's activities qualify as a nursery under Brimfield Township's permitted uses."

{¶22} The decision "whether to grant or deny an injunction is a matter solely within the discretion of the trial court and a reviewing court should not disturb the judgment of the trial court in the absence of a clear abuse of discretion." *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 653 N.E.2d 646 (1995), paragraph three of the syllabus; *Bd. of Suffield Twp. Trustees v. Rufener*, 11th Dist. Portage No. 2010-P-0061, 2011-Ohio-3294, ¶ 28. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." (Citation omitted.) *Naylor Family Partnership v. Home Sav. & Loan Co.*, 11th Dist. Lake No. 2013-L-096, 2014-Ohio-2704, ¶ 17.

6

**{¶23}** In an injunction case where there are challenges to the trial court's findings of fact, the appellate court reverses only if a finding "is against the manifest weight of the evidence." *Ghindia v. Buckeye Land Dev., LLC*, 11th Dist. Trumbull No. 2006-T-0084, 2007-Ohio-779, ¶ 21, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**{¶24}** Brimfield brought the action for injunctive relief against Fioritto pursuant to R.C. 519.24, which "creates a cause of action against a landowner who uses or proposes to use his land in violation of any of the provisions [of] R.C. Chapter 519 or any township zoning resolution." (Citation omitted). *Ghindia* at ¶ 19. Under this code section, "a board of township trustees, a county prosecuting attorney, or a township zoning inspector may file an action for injunction to prevent any unlawful use of buildings or land." *Id.*, citing *Baker v. Blevins*, 162 Ohio App.3d 258, 2005-Ohio-3664, 833 N.E.2d 327, ¶ 12 (2nd Dist.). Since the remedy is statutory, the party seeking the injunction need only show that a violation of the ordinance is occurring and is "not required to plead or prove an irreparable injury or that there is no adequate remedy at law, as is required by Civ.R. 65." *Union Twp. Bd. of Trustees v. Old 74 Corp.*, 137 Ohio App.3d 289, 294, 738 N.E.2d 477 (12th Dist.2000). "[T]he petitioner must prove, by clear and convincing evidence, that the property is being used in violation of the zoning ordinance." (Citation omitted.) *Ghindia* at ¶ 19.

7

{¶25} In his first assignment of error, Fioritto argues that the trial court, contrary to the evidence presented, concluded that he had ceased clearing his land of trees and preparing it for development and use. He asserts that the testimony showed he was still clearing the property, which was a permissible activity that allowed him to keep the equipment in question on his land, regardless of whether he would be able to typically do so under the G-C zoning requirements.

{¶26} Brimfield argues that, even if Fioritto is continuing to clear his land, this does not allow him to "perpetually keep and store on this parcel of land things like commercial motor vehicles, equipment and materials used by the Fioritto Construction Co. in the scope of its business operations."

{¶27} The magistrate found that "after his lot was cleared," Fioritto did not seek a permit to allow the equipment to remain on his land. The testimony by both Fioritto and Messner established, however, that the lot had not been entirely cleared. Fioritto testified that he had projects to finish on the land, including landscaping, "putting the site to grade," and additional clearing of trees at the rear of the property, as well as completing the installation of utilities. Messner, the Zoning Inspector, also testified that Fioritto was not done with the clearing and development of the property. Regardless of whether the magistrate's factual determination was supported by the weight of the evidence, this finding had no bearing on the decision to grant the injunction.

{¶28} Messner conceded at trial that there is no prohibition against clearing trees on an individual's property or need to obtain a zoning certificate for that purpose. *See* Brimfield Township Zoning Resolution 200.02 (requiring a certificate for changing the use of the property or erecting or altering a "building or other structure"). However,

the fact that Fioritto is not prohibited from clearing his land does not equate to permission to store a large collection of construction equipment on his property, documented through the photographs presented by Brimfield, for an indefinite period of time. At the time of the trial, Fioritto had owned the property for approximately two years and had not finished his construction/clearing of the land. Fioritto also cites to no authority allowing him to keep the equipment on his property indefinitely for this purpose when it is not otherwise permitted under the current zoning regulations. *See* Brimfield Township Zoning Resolution Sec. 309.02(A) (allowing retail type establishments and facilities such as theatres and amusement facilities but not discussing the storage of extensive items of construction equipment and materials).

{¶29} Moreover, the injunction does not prevent Fioritto from using equipment for the purposes of clearing or developing his land, but merely prohibits him from "storing" the items on his property.

{¶30} Perhaps more importantly, the facts did not support a conclusion that the construction equipment and materials deemed to be in violation of the zoning ordinance were being used solely for the purposes of clearing the property of trees or grading the property for future building or other development. Fioritto explained that his dump trucks were used for picking up and delivering material for making topsoil and for picking up stone supplies used for sewer jobs. He also uses the excavators to gather and process topsoil. These purposes were unrelated to the clearing of his property. As the magistrate noted, testimony presented by Fioritto before the BZA was that the trucks were used to create an access road on the property but his construction equipment was also used on various job sites for his landscaping business.

{¶31} Fioritto does not contest the fact that the property was zoned G-C and that the storage of construction vehicles, equipment, and materials is not listed as a permissible use under that zoning, nor is it consistent with the types of uses permitted. The uses permitted relate generally to retail or entertainment purposes, including banks, restaurants, and professional or office buildings. Brimfield Zoning Resolution 309.02(A). These uses typically do not permit or require multiple pieces of heavy machinery such as excavators or dozers.

{¶32} The first assignment of error is without merit.

{¶33} In his second assignment of error, Fioritto argues that the trial court incorrectly interpreted the Brimfield Township Zoning Resolution as it relates to his use of the property as a nursery. He asserts that the court improperly used the definition of an "agricultural nursery" and R.C. 509.21(A), to define a retail nursery under the Brimfield Zoning Resolution Sec. 309.02.

{¶34} Brimfield asserts that there was no indication that Fioritto had been participating in any nursery related activity, and that, even if he was, he was required to obtain a zoning certificate.

{¶35} As noted above, an abuse of discretion standard generally applies in evaluating whether an injunction was properly ordered. Fioritto notes that, as to the correct interpretation and application of the law, to the extent that this is at issue in the present assignment of error, a de novo standard applies. (Citation omitted.) *Ivancic v. Enos*, 978 N.E.2d 927, 2012-Ohio-3639, ¶ 48 (11th Dist.) ("[c]ourts review questions of law de novo").

{¶36} In this case, there were two issues regarding whether Fioritto's alleged use of the property as a nursery was permissible under the property's current zoning condition. First, the trial court considered whether, under Ohio law, Fioritto was using the property for an agricultural nursery, such that it was exempt from the application of the Brimfield zoning regulations. Pursuant to R.C. 519.21(A), a township zoning commission may not "prohibit the use of any land for agricultural purposes" and "no zoning certificate shall be required for any" building related to agricultural purposes. Agriculture includes "horticulture; * * * the production of * * * nursery stock, ornamental shrubs, ornamental trees, flowers, [or] sod; * * * [and] timber * * *." R.C. 519.01. Nursery stock includes items such as trees, plants, and shrubbery. *See Blue Heron Nurseries, LLC v. Funk*, 186 Ohio App.3d 769, 2010-Ohio-876, 930 N.E.2d 824, ¶ 11 (9th Dist.). Here, the trial court properly concluded that any activity undertaken by Fioritto on his property did not fall under this definition, since he did not produce "nursery stock" or cultivate plants on his property. *See Ghindia*, 2007-Ohio-779, at ¶ 33-34 (operating a landscaping business is not an agricultural use of property and selling or storing compost returned from landscaping jobs is merely part of the landscaping business). Fioritto does not appear to take issue with this specific holding.

{¶37} Since Fioritto's property does not fall under the foregoing exception, he could prevail only if his use of the property was found to be in compliance with the Brimfield Township Zoning Resolution. He asserts that since he was using the property as a nursery, pursuant to Section 309.02(A)(6) of the Brimfield Zoning Resolution, his activities were permissible. He asserts that the court improperly used the foregoing

11

definition of a nursery, i.e., an agricultural nursery, when it does not apply for the purposes of defining a nursery under the Zoning Resolution.

{¶38} As an initial matter, we note that the evidence supported a conclusion that, even if Fioritto was operating a nursery, he did not comply with the zoning certificate requirement of the Zoning Resolution, an issue which he does not address in his brief. Pursuant to Section 200.02, "no land may be 'changed in use' without a zoning certificate issued by the Zoning Inspector." Pursuant to 200.05(B), a change in use exists when "[t]he previous use of * * * land * * * has ceased and the new or converted use is not the same as that previous use." There is no question that the land was not used for a nursery previously. As Messner testified to, Fioritto did not follow the appropriate procedure and did not receive a zoning certificate. Although Fioritto did submit a $100 check and a certificate of zoning compliance, he did not complete the necessary application, or go through the general inspection and compliance process required to achieve a proper zoning certificate.

{¶39} Regardless, we cannot hold that the trial court erred in finding that Fioritto's property was not a nursery under Sec. 309.02(A)(6), which permits "retail establishments including * * * nurseries and green houses" in G-C zoning districts.[2] Pursuant to Sec. 1001.00 of the Brimfield Township Zoning Resolution, "nursery, plant materials" are defined as "[l]and, building, structure, or combination thereof for the storage, cultivation, transplanting of live trees, shrubs or plants offered for retail sale on the premises including products used for gardening and landscaping." This is

---

2. Although the court did discuss the definition of an "agricultural nursery" under the Revised Code rather than the definition in the Zoning Resolution, since it reached the correct conclusion, reversal is not warranted. *Grace Fellowship Church, Inc. v. Harned*, 11th Dist. Trumbull No. 2013-T-0030, 2013-Ohio-5852, ¶ 39 (noting that appellate courts affirm "judgments, not reasons") (citation omitted).

consistent with a generally accepted definition of a nursery. *See Webster's II New College Dictionary,* 769 (3rd Ed.2005) ("a place where plants are grown for sale, transplanting, or experimentation").

{¶40} Fioritto testified that he had sold trees purchased from other nurseries, but did not grow these trees on his parcel and also he had not had a parcel where he actually "held open for sale" trees or shrubs. While he prepares topsoil, there was also no indication that he sold this soil on the parcel either. When asked if customers can come to his "site" to purchase materials such as mulch, he noted that he did not "have a * * * site yet." He also explained that he wanted to have bins with materials such as mulch and topsoil available on the property, but he did not have these items at the present time. While Fioritto had some materials that may be used in a nursery, testimony indicated that much of these materials were used in conjunction with his landscaping business. They were not offered for sale on the property, as the definition above requires, nor did they include plants that were cultivated or transplanted on that property. Although Fioritto may intend to use the property for a nursery in the future, there was very little evidence to support a conclusion that he is doing so now. Instead, the evidence pointed to the fact that the construction equipment was used for purposes such as landscaping or sewer work and that the vehicles were stored on the property for use in such purposes when necessary.

{¶41} As noted by Brimfield in its brief, Fioritto is not prevented from obtaining the proper certificate and/or zoning variances or from using his property as a nursery when such activity is undertaken. However, under the present circumstances, given that the extensive amount of construction related equipment stored on the property is

13

not being used for such purposes, the trial court did not abuse its discretion in granting the injunction.

{¶42} The second assignment of error is without merit.

{¶43} For the foregoing reasons, the Journal Entry of the Portage County Court of Common Pleas, adopting the Magistrate Decision and granting Brimfield's request for a permanent injunction against Fioritto, is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.